AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District *Southern District of Texas* | |
|---|---|---|
| Name *(under which you were convicted):* Joaquin Jesus Maranon | | Docket or Case No.: 4:16-cr-000273 |
| Place of Confinement: FCI Bastrop | | Prisoner No.: 15486-479 |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* JOAQUIN JESUS MARANON |

United States District Court
Southern District of Texas
FILED

**MOTION**

JUL 20 2018

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
POST OFFICE BOX 61010
Houston, TEXAS 77208

David J. Bradley, Clerk of Court

   (b) Criminal docket or case number (if you know): 4:16-cr-00273 / H-16-273-1

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: 1-18-2018

3. Length of sentence: 121 months

4. Nature of crime (all counts):
Possession with intent to distribute 5 grams or more of Methamphetamine, 4 USC §§ 841(a) and 841(b)(1)(b)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9.  If you did appeal, answer the following:
    (a) Name of court: _United States Court of Appeals (5th Cir)_
    (b) Docket or case number (if you know): _4:16-cs-273-1_
    (c) Result: _Remanded back to District Court to appeal on proper forms and in proper form._
    (d) Date of result (if you know): _N/A_
    (e) Citation to the case (if you know): _N/A_
    (f) Grounds raised: _Ineffective Assistance of counsel for failure to: supress evidence, convey a favorable plea offer, investigate/challenge sufficiency of evidence, reasonableness of defense, investigate/challenge police, and allow for a factual defense._

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____

        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _N/A_
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☒

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☒

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:   Yes ☐   No ☒

(2)   Second petition:   Yes ☐   No ☒

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Illegally enhanced 2 points for a firearm

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was enhanced for a firearm that Frank Flores was arrested with, as can be seen on pg 26 of transcripts, line 23-24, in which I was no where in the area, and no evidence that made his possession of a firearm has foreseeable by me been presented.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

This is a resubmittal, Amended as per court order

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☒

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

_____ N/A _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Counsel _____

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Javier O. Martinez, Federal ID No. 216 4819, TBA No. ~~216 4819~~ 24082538, is a bar licensed attorney which is an immediate, major conflict of intrest, which he failed to inform or disclose, even though he were legally and morally bound to do. The accused conflict exist in that, "First duty not to client". He is an officer of the court, administration of justice, Oath-Bound Servants of society; that first duty is not their client, but is do the administration of justice; a Due Process of law Violation

    (b)  **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐    No ☐

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

_This is a resubmittal, Amended as per court order_

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☒

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☒       No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☐

(6)   If your answer to Question (c)(4) is "Yes," state: _This is a resubmittal, Amended as per court order_

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed:

_N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ N/A _____

Docket or case number (if you know):    N/A _____

Date of the court's decision:    N/A _____

Result (attach a copy of the court's opinion or order, if available):

_____ N/A _____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

<br>

**GROUND FOUR:**    N/A _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

<br>

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

_____ N/A _____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:  N/A

AO 243 (Rev. 09/17)

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed:

_____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____ N/A _____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

_Javier O. Martinez, 712 Main St., Suite 2400, Houston, TX 77002_

(b) At the arraignment and plea:

_Javier O. Martinez, 712 Main St., Suite 2400, Houston, TX 77002_

(c) At the trial:

_N/A_

(d) At sentencing:

_Javier O. Martinez, 712 Main St., Suite 2400 Houston, TX 77002_

(e) On appeal:

_Pro Se_

(f) In any post-conviction proceeding:

_Pro Se_

(g) On appeal from any ruling against you in a post-conviction proceeding:

_N/A_

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_N/A_

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is within the 1 year statute of limitation

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
    from the latest of –
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of
        the Constitution or laws of the United States is removed, if the movant was prevented from making such a
        motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
        been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
        review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered
        through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Correct Sentence by removing the 2 point enhancement for a firearm to reflect the low end of 97-121 month Base offense level 29, criminal History Category II

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on July 16, 2018
(month, date, year)

Executed (signed) on _____       (date) July 16, 2018

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

[ For Recorder Use Only

Prepared by: Joaquin Jesus Maranon     A `SECURITY'[15 USC et seq. Tracer Flag]
                                        Non-Negotiable

To: Clerk of Court                    From: Joaquin Jesus Maranon
    United States District Court            Reg. No: 15486-479
    Southern District of Texas              FCI Bastrop
    Post Office Box 61010                   Post Office Box 1010
    Houston, Texas 77208                    Bastrop, Texas 78602
    Respondent(s)

AFFIDAVIT OF TRUTH
IN SUPPORT OF INEFFECTIVE ASSISTANCE
United States V. Joaquin Jesus Maranon
Case No.: 4-16-CR-00273

State of Texas          )
                        ) SS. Acknowledgment
County of Bastrop       )


NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

"Indeed no more than affidavit is necessary to make prima
facie case", in the nature of United States V. Powell
379 US 48


That, I Joaquin Jesus Maranon, hereinafter "Affiant", duly affirm,

AFFIDAVIT

Dated: 16 day of July , 2018 A.D.

Page 2

Say and declare by my autograph, that the following facts are true, correct and complete to the best of my knowledge and belief:

1. That, whereas this affiant is by special visitation, Sui juris, never is my appearance GENERAL in nature; and

2. That, whereas Affiant is over the age of majority and competent to state the facts herein; and

3. That, whereas all statements made herein are true and correct, admissible as evidence and if called upon as a witness, Affiant will certify their veracity; and

4. That, whereas Affiant's Due Process, Constitutional Rights under Amendments 5th, 8th, 14th, were violated by Attorney's failure to seperate his obligation between the client and court, by failing to ensure an appropriate/correct sentence was established during plea negotiations even though there was ample support for rebuttel in Affiants favor; and

5. That, whereas Due process is the legal requirement that the state must respect all of the legal rights that are owed to a person, Due Process balances the power of law of the land and protects the individual person from it. When a government harms a person without following the exact course of law, this constitutes a due process violation, which offends against the rule of law and legal proceedings (see substantive due process) so that judges - instead of

Joaquin Jesus Mararon
AFFI Case 4:18-cv-02351 Document 1   Filed on 07/20/18 in TXSD   Page 15 of 28
Dated: 1st day of July, 2018 A.D.
Page 3

legislators - may define and guarantee fundamental fairness, justice and liberty; and

6. That, whereas Affiant draws attention to the exculpatory evidence which could have rebutted the presumption of the plaintiff and supported those of the Affiant/Defendant.

a) Court Transcripts, dated Tuesday, July 12, 2016 (2:03 to 4:46 pm) pg 26, line 21-25

1. Once it stopped, the deputies arrested Mr. Flores for evading arrest and they identified and released Mr. Johnson at that time. They recovered a Glock semi automatic pistol from the vehicle that was loaded. And they gave Mr. Flores cellular telephone to Mr. Johnson.

b) Defendant's Reply to the Pre-Sentence Investigation Report, Objection No. 2, pg 3, paragraph 2 & 3, foot note

1. The evidence must show a "temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant." USSG§2D1.1(b)(1).

2. Because Mr. Mararon did not physically or constructively possess the weapon, in order for the enhancement to apply, the government must prove that Mr. Mararon could have "reasonably foreseen the possession of the weapon by another."

3. [1] See generally; Zapata - Lara, 615 F.3d at 390 (5th Cir 2010)

AFFIDAVIT IN SUPPORT
Dated: the day of July, 2018 A.D.
Page 4
Case 4:18-cv-02551   Document 1   Filed on 07/20/18 in TXSD   Page 16 of 28

("to make that Show (temporal and spatial relationship) the government must provide that the evidence was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occured.")

7. That whereas, there is a plethora of evidence that shows, without a doubt, the Affiant did not have a say so, in any way, shape, or form in the transaction that occured on November 4, 2015, when the firearm was discovered in the possession of arrestee Mr. Flores, as can be shown in the PSIR, PSIR rebuttals, court transcripts, arrest reports, text messages, etc; and

8. That, whereas, Respondent can correct this fundamental miscarriage of justice by resentencing Affiant to reflect the minus two points for a firearm because of the misapplication of law, being, U.S.S.G. § 2D1.1(b)(i); and

9. That whereas, there was no legal or even substantive evidence presented by Prosecution against the Affiant concerning an enhancement for a firearm, only unfounded and unproven allegations that were based on hunches, suspicions, and half-truths, which were rebutted not only on paper but using clear and uncut law as true and correct, the same law that is recognized to get a conviction should be the same law that is recognized to get a correction and Affiant request to have his current criminal history II, level 31, 121 month sentence corrected to the proper Criminal History II level 27, low end or lower, level 29, 97-121, months

Further Affiant sayth not

Executed on this 10 day of July, 2018 A.D

### NOTICE: STATEMENT OF INTENT
#### To: Officers/Agents/Employees of the United States

This document is submitted in light of Haines vs. Kerner, 404 US 519 (1974) and is expressly intended to provide an honorable Settlement, to satisfy all verified claims to the complete satisfaction of the parties, and to make all parties whole. It is presented for lawful purposes with the express intention of achieving an honorable settlement. Any affirmation contrary to this stated intention shall comprise your stipulation to committing fraud upon the Court and respectfully REQUEST this Honorable Court to use its discretion and GRANT relief in the instant action.

In accordance with Holy Scripture, James, Chapter 5, Verse 12, "But above all things, my brethren, swear not, neither by heaven, neither by earth, neither by other oath, but let your yea be yea; and nay; nay."

Respectfully Submitted

By

Joaquin Jesus Maranon, Affiant

## CERTIFICATE OF SERVICE

I, Joaquin Jesus Maranon, declare under pains and penalty of perjury, that I placed said "Motion 2255 and Attachments," in the Institution Mailbox at FCI Bastrop, P.O. Box 1010, Bastrop, TX 78602, for delivery to U.S. District Court, Southern District of Texas, Post Office Box 61010, Houston, Texas 77208 on the 11th day of July, 2018 A.D.

Respectfully Submitted

By

Joaquin Jesus Maranon

Dated: 16th day of July, 2018 A.D  MEMORANDUM OF RECORD
         In the nature of F.R. CV.P.
         Rule 44 & F.R. EVI. – 902

In The
United States District Court
Southern District of Texas

Case No: 4-16-CR-00273

| | | |
|---|---|---|
| In Re: | ) | |
| Joaquin Jesus Maranan | ) | |
| Reg. No. 15486-479 | ) | |
| Bastrop, Tx 78602 | ) | Praecipe |
|   Petitioner, | ) | |
| V. | ) | AMENDED PETITION |
| | ) | In the nature of 28 USC § 2241 (d)(s) |
| UNITED STATES OF AMERICA | ) | Pennsylvania Bureau of Prisons V. |
|   Respondents, | ) | U.S. Marshall Serv, et al. 474 US34 (1985) |

PRAECIPE
Amended Petition

You WILL; Please file the submitted Writ of Habeas Corpus and Supplemental pleadings for immediate action, ie. in the nature of 28 USC § 2255

Joaquin Jesus Maranan; is in compliance with the ORDER of the Court, criminal Action H-16-273-1, Titled ORDER, dated June 25, 2018,

Joaquin Jesus Maranon

AMENDED PETITION
Dated: 16th day of July, 2018 A.D
Page 2

Signed by: Honorable U.S. District Court Judge Gary H. Miller, resubmitting his 2255 in proper form as provided by the Honorable court within the alloted time.

Respectfully Submitted

By

Joaquin Jesus Maranon

United States District Court
Southern District of Texas

**ENTERED**

June 26, 2018

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

UNITED STATES OF AMERICA      §
     §
v.      §      CRIMINAL ACTION H-16-273-1
     §
JOAQUIN JESUS MARANON      §

## ORDER

Pending before the Court are defendant's duplicate *pro se* motions for a certificate of appealability. (Docket Entries No. 273, 277.) Judgment was entered against defendant on January 18, 2018, and no appeal was pursued. Defendant filed his first of the two pending motions on April 23, 2018, and filed the second on May 31, 2018.

In filing the motions, defendant utilized a standardized form entitled, "Appellant's Combined Opening Brief and Application for Certificate of Appealability" for use in federal courts of appeals. Defendant did not file a notice of appeal, and his untimely motions cannot be construed as a notice of appeal. Nor is a certificate of appealability a procedurally appropriate issue at this time. Defendant complains of ineffective assistance of trial counsel, which is generally raised in a collateral review proceeding, not on direct appeal.

Defendant seeks to challenge his sentence. The Court therefore construes his motions as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the

primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate, as in this case, it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has." *Id.* at 383.

Accordingly, the Court hereby notifies defendant that his pending duplicate motions are construed as a section 2255 motion. It is ORDERED that, within thirty days from date of this order, defendant must either withdraw his motions or amend the motions using the enclosed standardized section 2255 form, so that it contains all claims he wishes to raise with respect to his conviction and sentence in this criminal conviction.

The Clerk's Office is directed to open a new civil action pursuant to section 2255 (nature of suit 510), mail to defendant a copy of this order and the standardized section 2255 motion form, and terminate the pending motions (Docket Entries No. 273, 277).

Signed at Houston, Texas on June 25, 2018.

Gray H. Miller
United States District Judge

2

Further Affiant sayth not

Executed on this 11 day of July, 2018 A.D.

### NOTICE: STATEMENT OF INTENT
To: Officers / Agents / Employees of the United States

This document is submitted in light of Haines vs. Kerner, 404 US 519 (1974) and is expressly intended to provide an honorable Settlement, to satisfy all verified claims to the complete satisfaction of the parties, and to make all parties whole. It is presented for lawful purposes with the express intention of achieving an honorable settlement. Any affirmation contrary to this stated intention shall comprise your stipulation to committing fraud upon the Court and respectfully REQUEST this Honorable Court to use it's discretion and GRANT relief in the instant action.

In accordance with Holy Scripture, James, Chapter 5, Verse 12, "But above all things, my brethern, Swear not, neither by heaven, neither by earth, neither by other oath, but let your yea be yea; and nay; nay."

Respectfully Submitted

By _____

Joaquin Jesus Maranon, Affiant

Dated: 14 day of July, 2018 A.D

MEMORANDUM OF RECORD
In the nature of F.R.CV.P.
Rule 44 & F.R. EVI. - 902

In The
United States District Court
Southern District of Texas

United States Courts
Southern District of Texas
FILED
JUL 20 2018
David J. Bradley, Clerk of Court

Case No: 4-16-CR-00273

In Re:                              )
Joaquin Jesus Maranan              )
Reg. No. 15486-479                 )
Bastrop, TX 78602                  )         Praecipe
          Petitioner,              )
v.                                 )         AMENDED PETITION
                                   )         In the nature of 28 USC § 2241(c)(5)
UNITED STATES OF AMERICA           )         Pennsylvania Bureau of Prisons V.
          Respondents,             )         U.S. Marshall Serv, et al. 474 US34 (1985)

PRAECIPE
Amended Petition

YOU WILL; Please file the submitted Writ of Habeas Corpus and
Supplemental pleadings for immediate action, ie. in the nature of 28 USC § 2255

Joaquin Jesus Maranan; is in compliance with the ORDER of the
Court, criminal Action H-16-273-1, Titled ORDER, dated June 25, 2018,

Joaquin Jesus Maranan

AMENDED PETITION
Dated: 16 day of July, 2018 A.D
Page 2

Signed by: Honorable U.S. District Court Judge Gary H. Miller, resubmitting his 2255 in proper form as provided by the Honorable court within the allotted time.

Respectfully Submitted

By

Joaquin Jesus Maranan

United States District Court
Southern District of Texas

**ENTERED**

June 26, 2018

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-273-1 |
| | § | |
| JOAQUIN JESUS MARANON | § | |

## ORDER

Pending before the Court are defendant's duplicate *pro se* motions for a certificate of appealability. (Docket Entries No. 273, 277.) Judgment was entered against defendant on January 18, 2018, and no appeal was pursued. Defendant filed his first of the two pending motions on April 23, 2018, and filed the second on May 31, 2018.

In filing the motions, defendant utilized a standardized form entitled, "Appellant's Combined Opening Brief and Application for Certificate of Appealability" for use in federal courts of appeals. Defendant did not file a notice of appeal, and his untimely motions cannot be construed as a notice of appeal. Nor is a certificate of appealability a procedurally appropriate issue at this time. Defendant complains of ineffective assistance of trial counsel, which is generally raised in a collateral review proceeding, not on direct appeal.

Defendant seeks to challenge his sentence. The Court therefore construes his motions as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the

primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate, as in this case, it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has." *Id.* at 383.

Accordingly, the Court hereby notifies defendant that his pending duplicate motions are construed as a section 2255 motion. It is ORDERED that, within thirty days from date of this order, defendant must either withdraw his motions or amend the motions using the enclosed standardized section 2255 form, so that it contains all claims he wishes to raise with respect to his conviction and sentence in this criminal conviction.

The Clerk's Office is directed to open a new civil action pursuant to section 2255 (nature of suit 510), mail to defendant a copy of this order and the standardized section 2255 motion form, and terminate the pending motions (Docket Entries No. 273, 277).

Signed at Houston, Texas on June 25, 2018.

Gray H. Miller
United States District Judge

2

## CERTIFICATE OF SERVICE

I, Joaquin Jesus Maranon, declare under pains and penalty of perjury, that I placed said "Motion 2255 and Attachments", in the Institution Mailbox at FCI Bastrop, P.O. Box 1010, Bastrop, TX 78602, for delivery to U.S. District Court, Southern District of Texas, Post Office Box 61010, Houston, Texas 77208 on the 11 day of July, 2018 A.D.

Respectfully Submitted

By

Joaquin Jesus Maranon