United States District Court
Southern District of Texas
**ENTERED**
March 18, 2019
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-16-273-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-18-2551 |
| JOAQUIN JESUS MARANON | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Joaquin Jesus Maranon, a federal inmate proceeding *pro se*, filed a section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 279.) The Government filed a response, moving for denial of the motion. (Docket Entry No. 293.)

Having considered the section 2255 motion, the Government's response, the record, and the applicable law, the Court DENIES the motion for the reasons explained below.

### *Background and Claims*

Defendant pleaded guilty to a reduced charge of possession with intent to distribute 5 grams or more of methamphetamine on January 11, 2017, pursuant to a written plea agreement. Following completion of a presentence investigation report, the Court sentenced defendant on January 19, 2018, to 121 months' imprisonment.

In his timely filed section 2255 motion, defendant argues that the Court erred in applying a two-point enhancement for possession of a firearm and that counsel was ineffective in not challenging the enhancement. Defendant contends that the firearm was

in possession of a co-defendant and should not have been applied to computation of defendant's sentence.

The Government argues that defendant's claims are barred in part by the plea agreement waiver and lack merit.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue

are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Waiver*

Defendant challenges the two-point firearm enhancement he received at sentencing. In support, he states that the subject semi-automatic firearm was in the possession of his co-defendant Frank Flores, and that he did not know Flores would be bringing a gun to the drug delivery transaction.

A district court's technical application of the Sentencing Guidelines is not cognizable in a section 2255 motion, and no viable claim is raised. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Regardless, the Government correctly argues that this claim was waived by the written plea agreement. In the plea agreement, defendant agreed to the following waiver provision: "Defendant knowingly and voluntarily waives the right to appeal or 'collaterally attack' the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a [section 2255 motion]." (Docket Entry No. 122, p. 3.)

Defendant asserts no grounds warranting non-enforcement of this waiver, and the Court finds none in the record. Accordingly, defendant's claim challenging the Court's application of the two-point firearm enhancement is dismissed with prejudice.

3

### *Ineffective Assistance of Counsel*

Defendant's claims of ineffective assistance of counsel are not expressly waived by the written plea agreement. However, the claims are refuted by and/or unsupported in the record and have no merit.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id.* at 695–96.

To show prejudice in the sentencing context, a defendant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence

4

would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under section 2255. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Defendant contends in this proceeding that counsel failed to challenge the two-level firearm enhancement at sentencing. Defendant is mistaken. The record shows that counsel devoted substantial time and effort to challenging the enhancement. Counsel raised the objection in Defendant's Objections to the Pre-sentence Investigation Report (Docket Entry No. 150, pp. 7–8), and urged the objection at sentencing. (Docket Entry No. 284, pp. 7–8, 12–15.) After hearing argument from defense counsel and the Government, the Court overruled counsel's objections and retained the enhancement for sentencing purposes. *Id.*, p. 15. That this Court disagreed with counsel's arguments does not in any way suggest that counsel was deficient in his arguments. Defendant does not present any additional arguments that, had counsel raised, would have been granted by the Court. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*.

In his motion, defendant makes passing references to counsel's acting under an alleged conflict of interest and failing to obtain a favorable plea agreement as to sentencing. Petitioner presents no factual allegations or legal arguments supporting these claims, and the Court finds that such claims are unsupported in the record.

Defendant's claims for ineffective assistance of counsel are without merit.

### *Evidentiary Hearing*

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that defendant is entitled to no relief, and no hearing is required.

### *Conclusion*

Defendant's section 2255 motion (Docket Entry No. 279) is DENIED AND DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Civil Action No. H-18-2551 (S.D. Tex.) is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on March 18, 2019.

Gray H. Miller
Senior United States District Judge